## Appeal of National Church Residences of Neshannock, PA

C.P. of Lawrence County, no. 70020 of 1998 M.D.

*Sandy B. Garfinkel,* for appellant.
*James J. O'Connell Jr.,* for appellee.

PRATT, *J.,* December 22, 2000—This is an appeal from a decision by the Lawrence County Board of Commissioners sitting as the Board of Assessment and Revision of Taxes denying the tax-exempt status of appellant National Church Residences of Neshannock, Pennsylvania, for the 1997 and subsequent tax years.

From this court's December 16, 1999 and December 27, 1999 orders affirming the denial of tax-exempt status and dismissing the appeal, appellant has filed a timely motion for post-trial relief which was submitted to the court by counsel upon stipulation of facts (no evidentiary hearing) and written briefs (no oral argument). (See court's March 13, 1998 order.)

In its motion, appellant seeks a directed verdict or, in the alternative, a new trial, which is in the nature of, and would be more accurately entitled, motion for judgment n.o.v. or, in the alternative, motion for a new trial. Appellant essentially argues that the court committed an error of law by not granting it tax-exempt status for the tax years 1998, 1999 and 2000 under the recently enacted Institutions of Purely Public Charities Act, which took effect in 1998 (10 Pa.C.S. §371 et seq.) and by mistakenly applying the pre-existing case law. Brief of appellant pp. 5-7. Appellant claims it meets the requirements of the Institutions of Purely Public Charities Act (Act 55) and further argues it is for the appellee, the taxing authority, to show that it does not, as it claims, have the benefit of a presumption under Act 55, *i.e.,* 10 Pa.C.S. §376. Supplemental brief of the appellant, pp. 2-7.

Appellee, on the other hand, seems to argue that before an institution can statutorily qualify as tax-exempt, it must first constitutionally qualify under court delineated requirements. Supplemental brief of appellee, pp. 2-4. Then, by going on to say that the courts have rejected "Act 55 type criteria" and not going on to address any possibilities of appellee qualifying under the statute, appellee seems to be attacking the constitutionality of Act 55.

In questioning constitutionality, appellee quite correctly propounds that the term "institution of purely public charity" is a term of art originating in Article VIII, Section 2(a)(v) of the Pennsylvania Constitution, where the General Assembly is authorized to exempt these in-

stitutions from taxation. *Id.* However, it is at this point of origin that our paths diverge.

Specifically, Article VIII, Section 2(a)(v) reads, "The General Assembly *may* by law exempt from taxation . . . (v) [i]nstitutions of purely public charity . . . ." (emphasis added) By use of the word "may," it is evident that making charitable institutions tax-exempt lies within the discretion of the General Assembly and is not mandatory. As such, the General Assembly may, within the bounds of reasonableness, give tax-exempt organizations to some worthy institutions and withhold it from others. In so doing, it would be incumbent upon the legislature to define a qualifying organization as used in the legislation at hand. The General Assembly could define it one way for the purposes of one statute and another way for the purposes of another statute.

Appellant is correct to the extent that the General Assembly could not lower the standards for an exempt institution below any reasonable meaning of those simple words "institutions of purely public charity." This the General Assembly has not done. Indeed, it would be reasonably argued that they have raised the standards from the previous court mandated *Hospital Utilization* standard.

There is no argument that prior to the enactment of Act 55, in absence of legislative action, it fell to the courts to lay out the criteria and these standards were valid in the absence of legislative input. If the legislature wished to specifically enunciate how they wished to exercise their constitutionally authorized wisdom to exempt some institutions, then they had to delineate those institutions

to be exempt. What better way to do so than to statutorily ascertain the import of the indefinite term "institutions of public charity"? After all, the courts are not the only branch of government permitted to interpret the meaning of constitutional provisions. In a sense, every time the General Assembly passes legislation, it has made a decision that the subject of that passage is constitutional. Once it does so, it may then fall to the courts to review the legislation's preliminary determination of constitutionality. This review by the courts is done with deference to the legislature by beginning with a presumption of constitutionality and striking down only that which "clearly, palpably, and plainly violates the constitution." *Commonwealth v. Saxon,* 219 Pa. Super. 64, 275 A.2d 876 (1971).

Herein the General Assembly plainly operated within the constitutional parameter laid out above. Accordingly, all challenges to Act 55's constitutionality are rejected. This more basic question resolved, we now must decide whether the appellant qualifies under Act 55.

As alluded to above, the appellant claims the benefit to a presumption of qualification under 10 Pa.C.S. §376. Any organization possessing a valid exemption from the tax imposed by section 204(10) of the 1971 Tax Reform Code (72 P.S. §7204(10) with annual revenues of less than $10,000 is presumed to be an "institution of purely public charity." 10 Pa.C.S. §376. Stipulations numbers 2 and 3 of the supplemental joint stipulation of facts plainly show appellant to be entitled to the presumption.

Once the institution is armed with the presumption, then any "political subdivision challenging that institu-

tion before a government agency or court shall bear the burden by a preponderance of the evidence of proving that the institution of purely public charity does not comply with the requirements of section 5." 10 Pa.C.S. §376(b).

Nowhere does the appellee even attempt to point to any place in any stipulation where facts tending to overcome the presumption might be found. Neither does careful examination by this court bring to light any clear shortcomings in appellant's requisites. In short, we cannot see where appellant does not qualify.

Absent a recognized defect, the presumption cannot be said to have been overcome; then, by virtue of the presumption, the appellant is an "institution of purely public charity" and, as such, appellant is entitled to a tax exemption for the tax years Act 55 has been in effect, *i.e.,* 1998, 1999 and 2000. Accordingly, the decision of the Board of Assessment and Revision of Taxes of Lawrence County is reversed for the tax years of 1998, 1999 and 2000, and appellant shall be granted tax-exempt status for those years by our accompanying order.

## ORDER

In accordance with the preceding opinion, the motion for post-trial relief is granted, and judgment n.o.v. is entered for National Church Residences of Neshannock, PA. As such, National Church Residences of Neshannock, PA, is granted tax-exempt status under the Institutions of Purely Public Charities Act (Act 55 of 1997), 10 Pa.C.S. §371 et seq., for the tax years 1998, 1999 and 2000.